IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON CONTRERAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-775-FB |
| | § | |
| CPS ENERGY, | § | |
| | § | |
| *Defendant*. | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on July 14, 2025 (docket #5). On July 15, 2025, the Report and Recommendation was sent by certified mail, return receipt requested to Plaintiff (docket #7), and on August 8, 2025, the certified mail addressed to Plaintiff Jason Contreras containing the Report and Recommendation of United States Magistrate Judge was returned by the United States Postal Service with the notation "return to sender; unclaimed; unable to forward." (Docket #8).

On August 12, 2025, United States Magistrate Judge Henry J. Bemporad entered an Order acknowledging the certified mail containing the Report and Recommendation had been returned "unclaimed" and directing the Clerk of Court to re-mail the Report and Recommendation by regular mail. The order extended the deadline for Plaintiff to file objections to the Report and Recommendation to September 10, 2025. To date, no objections or response to the Report have been filed.[1] The Court has reviewed the electronic docket sheet in this case and does not find a

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

change of address notification filed by the Plaintiff.

In the Report, United States Magistrate Judge Henry J. Bemporad recommends that because Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 65, his request for injunctive relief (docket #2) should be denied without prejudice.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Request for Injunctive Relief (docket #2) shall be DENIED WITHOUT PREJUDICE.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on July 14, 2025 (docket #5), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Request for Injunctive Relief (docket #2) is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 8th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE