UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JASON CONTRERAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-775-FB (HJB) |
| | § | |
| CPS ENERGY, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court are Defendant CPS Energy's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Docket Entry 23) and Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry 24).  Pretrial matters have been referred to the undersigned, pursuant to 28 U.S.C. § 636(b).  (Docket Entry 4.)  For the reasons that follow, I recommend that Defendant's 12(b)(6) motion (Docket Entry 24) be **DENIED** as an improper successive motion, but that its 12(b)(5) motion (Docket Entry 23) be **GRANTED.**

I. **Background.**

On July 3, 2025, Plaintiff filed a complaint against Defendant CPS Energy, purporting to raise claims under the United States and Texas Constitutions.  (*See* Docket Entry 1.)  On August 13, 2025, the Court granted Plaintiff permission to proceed *in forma pauperis* ("IFP"), and ordered him to submit a completed summons form to the Clerk of the Court, so that the United States Marshal could execute service on his behalf.  (*See* Docket Entry 12.)  The Order granting IFP advised Plaintiff that his service deadline was October 1, 2025.  (*Id.* at 2.)  Despite this admonition, Plaintiff did not sign the completed summons form until November 5, 2025, and did not submit it

until November 13, 2025.  (*See* Docket Entry 18.)  The Marshal served Defendant on December 3, 2025.  (*See* Docket Entry 21.)

On December 23, 2025, Defendant moved for dismissal under Rule 12(b)(5) for untimely service of process.  (*See* Docket Entry 23.)  Two weeks later, Defendant moved for dismissal under Rule 12(b)(6) for failure to state a claim for which relief can be granted.  (*See* Docket Entry 24.)  After Plaintiff failed to respond to either motion, the undersigned ordered him to do so, giving him a deadline of February 20, 2026.  (*See* Docket Entry 27.)  That deadline has passed, and Plaintiff has still filed no response to either motion.

## II.    Discussion.

As noted above, Defendant has filed motions to dismiss both under Rule 12(b)(5) and Rule 12(b)(6).    This Report and Recommendation first addresses Defendant's 12(b)(6) motion, recommending that it be denied as an improper successive motion, pursuant to Rule 12(g)(2) and 12(h)(2).  The Report and Recommendation then proceeds to address Defendant's 12(b)(5) motion, recommending that it be granted based on Plaintiff's failure to demonstrate good cause for not timely serving Defendant with copies of the summons and complaint.

### A.  *Defendant's 12(b)(6) Motion.*

Defendant's 12(b)(6) motion should be denied because it is a successive Rule 12 motion. Rule 12(g)(2) provides that a party cannot file a 12(b)(6) motion after it has already filed another motion under Rule 12(b).  FED. R. CIV. P. 12(g)(2).  Rule 12 does not prohibit the *defense* available under Rule 12(b)(6)—failure to state a claim—from being raised, but requires that it be presented in another way: either through (1) "a pleading allowed or ordered under Rule 7(a)," such as an answer; (2) "a motion under Rule 12(c)"; or (3) "at trial."  FED. R. CIV. P. 12(h)(2).  Together, Rules 12(g)(2) and 12(h)(2) do not allow successive Rule 12(b)(6) motions, but they allow a

defendant to preserve the defense by raising it "at other times in the case before entry of final judgment." *Stoffels ex rel., SBC Concession Plan v. SBC Communications, Inc.*, 430 F. Supp. 2d 642, 648 (W.D. Tex. 2006) (discussing Rule 12(h)(2)).

In this case, Defendant first moved for dismissal under Rule 12(b)(5)—for untimely service of process.  (Docket Entry 23.)  It filed its 12(b)(6) motion two weeks later.  (Docket Entry 24.)  Because of Rules 12's bar against successive Rule 12(b) motions, the Court should not entertain Defendant's second-in-time Rule 12(b)(6) motion.[1]  Accordingly, while Defendant could still raise the defense by other means, its current Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry 24) should be denied.

### B.  Defendant's 12(b)(5) Motion.

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4."  *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349-50 (E.D. La. 2011).  "Rule 4(m)" likewise "requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."  *Herrmann v. Bridger*, No. 5:24-CV-545-JKP, 2024 WL 4849079, at *2 (W.D. Tex. Nov. 20, 2024).  "When service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service."  *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).  And to do so,

---

[1] Nor should the Court construe Defendant's Rule 12(b)(6) motion as one for judgment on the pleadings under Rule 12(c). A motion under that rule may be filed only "[a]fter the pleadings have closed." FED. R. CIV. P. 12(c). Pleadings are closed "upon the filing of a complaint and answer." *Nortel Networks Ltd. v. Kyocera Wireless Corp.*, No. CIV.A.3:02-CV-32-D, 2002 WL 31114077, at *1 (N.D. Tex. Sept. 20, 2002) (citing FED. R. CIV. P. 7(a); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 5012–13 (1990)). Defendant has not filed an answer, electing instead to file a pre-answer motion under Rule 12(b). *See* FED. R. CIV. P. 12(a)(4)(A) (tolling answer deadline when a Rule 12(b) motion has been filed).

they "must demonstrate at least as much as would be required to show excusable neglect," which means that "inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (citation modified). Good cause also requires "a showing of good faith," as well as "some reasonable basis for noncompliance within the time specified." *Id.*

Plaintiff filed his complaint on July 3, 2025. (Docket Entry 1.) As he was advised by the Court, his deadline to serve a copy of the complaint and summons on Defendant was October 1, 2025. *See* FED. R. CIV. P. 4(m). But Plaintiff did not submit the summons form until November 2025, and as a result Defendant was not served until December 3, 2025—two months past the Rule 4(m) deadline. (Docket Entry 21, at 2.) Even so, as only the timeliness of service is at issue (*see generally* Docket Entry 23), Plaintiff could have avoided dismissal by showing good cause an extension of the service deadline. *See Sys. Signs Supplies*, 903 F.2d at 1013; *Bradley v. Am. Elec. Power*, No. 6:18-cv-107, 2019 WL 4166521, at *1 (E.D. Tex. Sept. 3, 2019) ("[T]he plaintiff's burden to show the validity of service of process when facing a Rule 12(b)(5) motion to dismiss . . . translates into the plaintiff's burden, if service was made after the default 90-day deadline, to procure an extension of that deadline.") (citation omitted). However, despite multiple opportunities, he has made no attempt to do so. He did not seek an extension of time to serve Defendant when he submitted his summons form; nor did he respond to Defendant's motion within the 14-day response time set by the Local Rules. *See* W.D. TEX. LOC. R. CV-7(d)(2). And even when the Court ordered that he respond to the motion, he failed to do so. (*See* Docket Entry 27, at 1.)

Given the lack of response, the Court "may grant the motion as unopposed." W.D. TEX. LOC. R. CV-7(d)(2). Other courts in this Division have done just that, especially when, as in this case, the delinquent party had been ordered to respond after the response deadline had passed but

still failed to do so.[2]  But whether or not Defendant's 12(b)(5) motion is considered unopposed, it should be granted, because Plaintiff has "not carried [his] burden to show" good cause for failing serve Defendant within the 90-window prescribed by Rule 4(m).  *See Bailey v. GEICO Cnty. Mut. Ins. Co.*, No. 2:22-CV-01973, 2022 WL 16841622, at *2 (W.D. La. Nov. 9, 2022).  Accordingly, Plaintiff's case should be dismissed without prejudice.  *See Wells v. Gautreaux*, 771 F. Supp. 3d 842, 851 (M.D. La. 2025) (finding dismissal without prejudice to be the proper relief under Rule 12(b)(5)), *aff'd*, No. 25-30202, 2025 WL 3516768 (5th Cir. Dec. 8, 2025).

## III.    Conclusion and Recommendation.

Based on the foregoing, I recommend that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry 24) be **DENIED**; that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Docket Entry 23) be **GRANTED**; and that this case be **DISMISSED WITHOUT PREJUDICE**.

## IV.    Instructions for Service and Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

---

[2] *See, e.g.*, *Berrocal v. San Antonio Police Dep't Headquarters*, No. SA-23-CV-1319-JKP, 2024 WL 4453848, at *2 (W.D. Tex. Oct. 7, 2024); *C&E Builders, LLC v. U.S. Bank Tr. Nat'l Ass'n as Tr. of Grove Funding I Tr.*, No. SA-24-CV-26-JKP, 2024 WL 874149, at *1 (W.D. Tex. Feb. 29, 2024); *Alanis v. Wells Fargo Bank, N.A.*, No. SA-21-CV-1261-JKP, 2022 WL 488512, at *3 (W.D. Tex. Feb. 17, 2022), *aff'd*, No. 22-50246, 2022 WL 17844074 (5th Cir. Dec. 22, 2022).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court may disregard frivolous, conclusory, or general objections.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on March 12, 2026.

Henry J. Bemporad
United States Magistrate Judge